AMIN TALATI WASSERMAN LLP
MATTHEW R. ORR, SBN 211097
GEORGE SPATZ (*pro hac vice* to be submitted)
MANON BURNS (SBN 347139) (pending admission)
515 S. Flower St., 18th Floor
Los Angeles, CA 90071
Tel: (213) 933-2330
Fax: (312) 884-7352
matt@amintalati.com
gspatz@amintalati.com
manon@amintalati.com

Attorneys for Defendant
LIFEFORCE DIGITAL INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRESHOLD ENTERPRISES LTD., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIFEFORCE DIGITAL INC., a Delaware corporation,<br><br>Defendant. | Case No.: 3:22-cv-06483-HSG<br><br>**DEFENDANT'S MOTION TO DISMISS** |

Defendant Lifeforce Digital Inc. ("LDI"), by and through its counsel, hereby moves to dismiss Plaintiff Threshold Enterprises Ltd.'s ("Threshold") Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.

**INTRODUCTION**

Threshold's Complaint attempts to allege a likelihood of confusion between the Parties' marks "LIFE FORCE" and "LIFEFORCE" in isolation and not as consumers encounter the products in the marketplace—where the use of house marks and other readily distinguishing features would preclude any reasonable consumer from being confused regarding the source of each product. *Compare* Plaintiff's Exhibit B *with* Plaintiff's Exhibit C. To ignore LDI's black and white trade dress,

prominent use of the PEAK marks and other descriptors, and dark bottle packaging, not to mention Threshold's prominent use of the SOURCE NATURALS and BIO ALIGN house marks and designs, in determining trademark infringement, as Threshold attempts to allege here, makes no sense, encourages perverse results, and runs contrary to numerous decisions that have relied upon marketplace comparisons in rejecting infringement claims.

## FACTUAL BACKGROUND

Plaintiff is a Delaware corporation with its principal place of business located at 23 Janis Way, Scotts Valley, California 95066. Compl. ¶ 6. Threshold Enterprises is the owner of U.S. Trademark Registration No. 3,746,446 for LIFE FORCE for dietary and nutritional supplements. LIFE FORCE registered on February 9, 2010. *Id.* at ¶ 9. Plaintiff sells a variety of vitamin and dietary supplements, including LIFE FORCE-branded dietary supplements. *Id.* Threshold markets its products through its website at <http://www.sourcenaturals.com> and sells its products to retailers. *Id.* at ¶ 7. Plaintiff's LIFE FORCE products have included LIFE FORCE MULTIPLE, LIFE FORCE Green Multiple, LIFE FORCE Healthy Aging, LIFE FORCE Healthy Aging No Iron, LIFE FORCE Multiple No Iron, LIFE FORCE Vegan Multiple, and LIFE FORCE Vegan Multiple No Iron. Compl. ¶ 11. Plaintiff attached as Exhibit B to the Complaint exemplars showing Plaintiff's LIFE FORCE mark and products. *See* Compl. Exhibit B.

Examples of Plaintiff's products and their respective outer packaging are depicted in the following photographs:

   

LIFE FORCE Multiple                              LIFE FORCE Vegan Multiple

Threshold's product and trade dress feature (1) a plain white bottle, (2) a prominent and consistent graphic of the sun rising behind the moon and surrounding stars, (3) a colorful background behind the LIFE FORCE mark, (4) a SOURCE NATURALS house mark, (5) a BIO ALIGN house mark, and (6) the "LIFE FORCE" mark in two separate rows in the lower half of the label.

Defendant LDI is a Delaware corporation with a principal place of business at 1920 Olympic Blvd., Santa Monica, CA 90404. Compl. ¶ 8. The alleged infringing products in this case are dietary supplements bearing the unitary word LIFEFORCE. The prominent features of LDI's products are (1) the unique black and white trade dress, (2) the dark bottle packaging, (3) the single stylized word LIFEFORCE in the center of the label, and (4) an additional mark or product name above the LIFEFORCE mark. *See* Compl. Exhibit C. Defendant LDI's highly distinct trade dress and packaging are the most noticeable part of LDI's products:

     

LDI Peak NMN                              LDI DHEA

The Threshold products and LDI products have vastly different appearances and ingredients. For example, Threshold's products are marketed and sold in a white bottle with colorful label elements and additional house marks, including SOURCE NATURALS and BIO ALIGN, whereas LDI's products are marketed and sold in dark bottles with monochrome labels and differing product marks, such as PEAK NMN. No reasonable consumer would be confused regarding the source of these two visually distinct products. And, in fact, Threshold's Complaint contains no allegation of actual confusion between the products.

## ARGUMENT

LDI respectfully submits that its Motion to Dismiss should be granted because a simple visual inspection of the products leaves no doubt that LDI did not engage in trademark infringement or deceive consumers into believing they were purchasing a Threshold product. Common sense dictates, in cases, such as the present, where products include a house mark and prominent branding indicating that the defendant (not trademark owner) was the source of the product, courts have repeatedly found that no infringement has occurred.

### I. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint." *Free Kick Master LLC v. Apple Inc.*, 140 F. Supp. 3d 975, 978 (N.D. Cal. 2015) (citing *Ileto v. Glock, Inc.*, 349 F.3d 1191, 1199–1200 (9th Cir. 2003)). Rule 8(a) requires the complaint to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This provides the defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 698 (2009). The complaint's factual matter must, if accepted as true, state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). "Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document." *Free Kick Master LLC*, 140 F. Supp. 3d 975 at 978.

### II. DEFENDANT'S MOTION TO DISMISS SHOULD BE GRANTED BECAUSE THE PROMINENT DIFFERENCES BETWEEN THE PRODUCTS PRECLUDE A FINDING OF TRADEMARK INFRINGEMENT.

When analyzing trademark infringement, "[t]he marks must be considered in their entirety and as they appear in the marketplace." *Off. Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1392 (9th Cir. 1993) (citation omitted); see also *Lindy Pen Co. v. Bic Pen Corp.*, 725 F.2d 1240, 1245 (9th Cir. 1984) ("The two marks viewed in isolation are indeed identical, but their similarity must be

considered in light of the way the marks are encountered in the marketplace and the circumstances surrounding the purchase of the [products].").

When the Threshold and LDI's products are viewed in their entireties, their prominent visual differences preclude a finding of trademark infringement as a matter of law. *See, e.g.*, *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1080–81 (9th Cir. 2020) ("As the district court explained, no reasonable consumer would be confused by these two products because the packaging, size, color, shape, and all other attributes — other than the term 'EYE DEW' — are not remotely similar"); *Katzkin Leather, Inc. v. Roadwire, LLC*, No. CV202093DSFRAOX, 2022 WL 17101245, at *6 (C.D. Cal. May 6, 2022) ("the prominent placement of [house marks] on their respective websites renders it implausible that a reasonable consumer would be likely to be confused").

Threshold's product and trade dress feature (1) a plain white bottle, (2) a prominent and consistent graphic of the sun rising behind the moon and surrounding stars, (3) a colorful background behind the LIFE FORCE mark, (4) a SOURCE NATURALS house mark, (5) a BIO ALIGN house mark, and the "LIFE FORCE" mark in two rows in the lower half of the label. *See* Compl. Exhibit B. In contrast, the prominent features of the LDI's products are (1) the unique black and white trade dress, (2) the dark bottle packaging, (3) the single stylized word LIFEFORCE in the center of the label, and (4) an additional mark or product name above the LIFEFORCE mark, such as the PEAK NMN depicted below. *See* Compl. Exhibit C.

  

LDI Peak NMN                    LIFE FORCE Multiple

Here, the prominent display of Threshold's house marks (SOURCE NATURALS and BIO ALIGN) and colorful graphics and labels as compared to LDI's monochrome and distinct trade dress

preclude a finding a trademark infringement. For purposes of determining trademark infringement, it is well-settled that use of a house mark can reduce or altogether avoid a likelihood of confusion. *See, e.g., Lindy Pen Co.*, 725 F.2d at 1245 (finding use of "prominent house marks and logos" weighed against likelihood of confusion); *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 341, 351 (9th Cir. 1979) ("[U]se of a housemark can reduce the likelihood of confusion."). The distinct differences of the products, trade dress, and labeling as they are encountered in the marketplace show that no reasonable consumer would be confused and preclude a finding of trademark infringement.

### III. CONCLUSION

For the foregoing reasons, a simple visual inspection leaves no doubt that LDI products do not infringe Threshold's trademark. Therefore, Defendant respectfully submits that the Court should grant its Motion to Dismiss, as Plaintiff has not stated a claim for which relief may be granted.

Dated:  January 10, 2023                            AMIN TALATI WASSERMAN

                                                   By:     /s/ Matthew R. Orr
                                                           MATTHEW R. ORR
                                                           GEORGE SPATZ
                                                           MANON BURNS
                                                           Attorneys for Defendant

                                                           LIFEFORCE DIGITAL INC.

**CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that on January 10, 2023, I electronically filed the foregoing Document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:    */s/ Matthew R. Orr*
           Matthew R. Orr