AMIN WASSERMAN GURNANI, LLP
George Spatz, *pro hac vice*
Manon Burns, Bar No. 347139
549 W. Randolph St., Ste. 400
Chicago, IL 60661
Tel: (312) 466-1033
Fax: (312) 884-7352
gspatz@awglaw.com
mburns@awglaw.com

Attorneys for Defendant
LIFEFORCE DIGITAL INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRESHOLD ENTERPRISES LTD., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LIFEFORCE DIGITAL INC., a Delaware corporation,<br><br>Defendant. | Case No.:   5:22-cv-06483-PCP<br><br>**LDI'S MOTION IN LIMINE NO. 1 TO EXCLUDE TESTIMONY OF PLAINTIFF'S WITNESSES REGARDING CONSUMER PERCEPTION OF GOOGLE SEARCH RESULTS** |

**INTRODUCTION**

Defendant Lifeforce Digital Inc. ("LDI") hereby moves in limine for an Order to exclude the testimony of Plaintiff's fact witnesses regarding consumer perception and performing alleged undocumented Google searches as evidence of likely confusion of consumers under FRE 702, 602, and 802. As an initial matter, Plaintiff did not produce an affirmative expert on consumer perception. Nonetheless, Plaintiff has attempted to insert affirmative expert opinions regarding consumer perception through its fact witnesses. Any such fact testimony purporting to opine about consumer perception, actual confusion, and likelihood of confusion should be excluded. Furthermore, testimony regarding Plaintiff's belief of consumer perception of Google results, and accordingly any testimony regarding what Plaintiff's fact witnesses may have been told by

consumers, is hearsay and lacks foundation. As to Plaintiff's expert, he admits that he did no testing for confusion associated with Google searches. Therefore, any testimony by Plaintiff regarding these topics should be excluded.

## ARGUMENT

### A. Plaintiff's Fact Witnesses are not Experts and are not Qualified to Opine on Consumer Perception and Likelihood of Confusion.

Pursuant to FRE 702 and *Daubert v. Merrell Dow Pharms., Inc.,* 509 U.S. 579 (1993), any testimony regarding consumer perception and the likelihood of confusion by Plaintiff's fact witnesses must be excluded. They are simply not qualified to opine on consumer perception and the ultimate determination of a likelihood of confusion. Nonetheless, Plaintiff's witnesses have made bald assertions and provided subjective speculation and purely legal conclusions, which misstate the law and merely tell the jury what result it should reach.

All of Plaintiff's witnesses were disclosed as a fact witnesses in Plaintiff's initial disclosures. *See* Declaration of George Spatz ("Spatz Decl."), Ex. A. No one was disclosed as an expert, nor did Plaintiff submit an affirmative expert report on their behalf. Each of Plaintiff's fact witnesses explained their educational and employment histories during their respective depositions, and none of them have any training or experience necessary to submit expert opinions on consumer perception.

Mr. Sugarman, Threshold's Director of Regulatory, Corporate, and Technical Affairs, earned a Bachelor of Science in engineering from Cal. State Northridge. Spatz Decl., Ex. B (Deposition Transcript of Barry Sugarman ("Sugarman Dep.")), 10:16-17. In his role at Threshold Enterprises, he is involved with a number of departments, including primarily "quality, R and D, legal regulatory." Sugarman Dep., 13:18-19. In addition, he is involved with sales and marketing. Sugarman Dep., 13:20-21. Mr. Sugarman does not have any training or education in consumer perception or market research. Mr. Cayton, Threshold's Director of Corporate Development, earned a Bachelor of Science in industrial labor relations at Cornell University and a J.D. at the University of Santa Clara Law. Spatz Decl., Ex. C (Deposition Transcript of Brian Cayton ("Cayton Dep.")), 8:5-8. In his role at Threshold, Mr. Cayton served as a salesperson and national sales manager,

leaving the company and later returning to focus on GMP compliance and strategic initiatives. Cayton Dep., 11:13-15:21. When he practiced as an attorney, Mr. Cayton focused on family, business, and real estate law. Cayton Dep., 9:15-10:16. Mr. Cayton does not have any training or education in consumer perception or market research. Mr. Goldberg, Threshold's President, received a degree in political science at Brooklyn College. Spatz Decl., Ex. D (Deposition Transcript of Ira Goldberg ("Goldberg Dep.")), 8:4-11. In his role at Threshold, Mr. Goldberg leads the company, but primarily oversees the company's finances, research and development, and editing marketing materials. Goldberg Dep., 16:4-17:8. Mr. Goldberg does not have any training or education in consumer perception or market research. Accordingly, none of Plaintiff's fact witnesses possess any expertise in the field.

However, even if any of Plaintiff's fact witness had expertise in the relevant field (they do not), "legal conclusions are not a proper subject for expert testimony." *Black v. Irving Materials, Inc.*, No. 17-CV-06734-LHK, 2019 U.S. Dist. LEXIS 243303, at *7 (N.D. Cal. May 29, 2019); *Pinal Creek Grp. v. Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1043 (D. Ariz. 2005) ("The Ninth Circuit has [] excluded legal expert testimony concerning both what the law is and how it should be applied to the facts of a case").

During his deposition, when asked by LDI's counsel regarding whether or not he was aware of actual confusion between the trademarks, Mr. Sugarman provided the following testimony:

> Q. Okay. Similarly, are you aware of any instances of confusion between Threshold and the defendant, Lifeforce Digital, from end consumers?
>
> A. I haven't had any specific complaints, but I've gone on Google myself in the last few days and I put in Life Force in various different presentations and I've noticed that the defendant's images, website, and information come up right alongside ours.
>
> Q. Okay. Are you aware of any confusion from consumers regarding Threshold and Lifeforce Digital?
>
> A. We don't speak to consumers directly unless they call in. So there may be confusion. I would say there's a likelihood of confusion based on what I'm seeing. I haven't --
>
> Q. Are you aware of any actual confusion, instances of actual confusion between Threshold and Lifeforce Digital?

> A. I personally have never seen a complaint like that, but I think it's highly likely that there would be consumer confusion because of what I saw just as recently as yesterday or the day before.

Sugarman Dep., 157:4-24. In other words, Mr. Sugarman opines on consumer perception of his own Google search results, as well as the ultimate question of whether there is a likelihood of confusion between the marks. Despite admitting to having no personal knowledge of actual consumer confusion, Mr. Sugarman nevertheless opines that "there's a likelihood of confusion based on what I'm seeing," Sugarman Dep., 157:15-16, and "I think it's highly likely that there would be consumer confusion because of what I saw," Sugarman Dep., 157:22-23. Mr. Cayton and Mr. Goldberg both testified that they were not aware of any instances of consumer confusion. Cayton Dep., 94:19-96:8; Goldberg Dep., 49:11-50:3.

Mere industry experience is not enough to qualify Mr. Sugarman as expert in consumer perception. *Brighton Collectibles, Inc. v. Renaissance Grp. Int'l*, No. 06-CV-1115 H (POR), 2008 U.S. Dist. LEXIS 39707, at *10 (S.D. Cal. May 13, 2008) (Granting motion in limine to exclude Plaintiff's fact witness, stating "Ms. Young may possess many years' experience as Brighton's president of marketing, but Plaintiff fails to establish that Ms. Young has 'knowledge, skill, experience, training, or education' sufficient to qualify her to offer expert testimony regarding consumer perception or the likelihood of confusion between Plaintiff's and Defendant's products"); *In re C2R Glob. Mfg., Inc.*, No. 18-30182-BEH, 2021 WL 1347193, at *1 (Bankr. E.D. Wis. Mar. 30, 2021) (In a Lanham Act claim against debtor, claimant's CEO's experience in the drug disposal and deactivation industry did not qualify him to offer reliable expert testimony on consumer perceptions); *Starbucks Corp. v. Lundberg*, No. 02-948-HA, 2005 U.S. Dist. LEXIS 46167, at *15 (D. Or. May 25, 2005) ("Although Jensen may have specialized knowledge about the coffee business in general, she does not purport to be an expert in consumer perceptions of trademarks"). Consumer confusion is the realm of experts, who generally present their results in survey form after analyzing numerous datapoints and controlling for error. Mr. Sugarman's anecdotal personal experience is not sufficient based on facts or data, subject to reliable principles and methods, and does not assist the trier of fact determine any fact at issue by asserting a legal

conclusion. Accordingly, his testimony regarding consumer confusion and likelihood of confusion should be excluded, along with any purported testimony offered by Plaintiff's other fact witnesses.

### B. Plaintiff's Fact Witnesses Lack Personal Knowledge.

A fact witness may only testify at trial if "the witness has personal knowledge of the matter." F.R.E. 602. Mr. Sugarman admits in his testimony that he has no personal knowledge of instances of consumer confusion, stating "I haven't had any specific complaints," Sugarman Dep., 157:7 and "I personally have never seen a complaint like that," Sugarman Dep., 157:21-22. Pursuant to FRE 901, Plaintiff is thus unable to authenticate any proposed evidence regarding Mr. Sugarman's alleged Google searches and alleged consumer perception of others regarding those searches. *See Solofill, LLC v. Rivera*, No. CV 17-02956 SJO (AJWx), 2018 U.S. Dist. LEXIS 116848, at *14 (C.D. Cal. May 16, 2018) ("Testimony regarding consumer perception lies, by definition, outside of the scope of any one witness' personal knowledge and is therefore not proper for a lay witness"). Accordingly, Mr. Sugarman should also be excluded from offering any testimony on consumer perception or confusion because he lacks personal knowledge of any instances of alleged confusion.

### C. Any Testimony Regarding Consumer Perception Would be Hearsay.

Pursuant to FRE 802, hearsay is not admissible unless there is an applicable exception. Plaintiff seeks to admit the testimony of Mr. Sugarman who will purportedly testify to Plaintiff's customers' actual confusion regarding the source of LDI's products. LDI seeks to additionally exclude the testimony as inadmissible hearsay. LDI notes that Plaintiff has no corroborating documentation or specific details regarding the alleged perception of consumers, their identities, when the alleged confusion may have occurred, exactly what was perceived or what the alleged consumers said, what they were confused about, and whether they were actual customers of Plaintiff. Plaintiff's hearsay statements regarding what consumers may have perceived cannot be used to prove actual confusion. *Icon Enterprises Int'l, Inc. v. Am. Prod. Co.*, No. CV 04-1240 SVW PLAX, 2004 WL 5644805, at *17 (C.D. Cal. Oct. 7, 2004) (collecting cases and excluding Plaintiff's proposed testimony regarding statements received by consumers as hearsay); *see also Matrix Motor Co., Inc. v. Toyota Motor Corp.*, 290 F. Supp. 2d 1083, 1093-94 (C.D. Cal. 2003)

(court found that evidence was "unreliable and nothing more than inadmissible hearsay" where plaintiff presented no evidence to substantiate its allegations of actual confusion); *Filipino Yellow Pages, Inc. v. Asian J. Publications, Inc.*, 198 F.3d 1143, 1152 (9th Cir. 1999) (collecting cases and discussing finding that "testimony from persons closely associated with the plaintiff does not adequately reflect the views of the buying public."). Accordingly, Mr. Sugarman's uncorroborated testimony regarding consumer perceptions should be excluded as hearsay, in addition to any similar evidence purportedly offered by Plaintiff's fact witnesses.

### D. Plaintiff's Expert Did Test For Confusion From Google Results Or Disclose Any Opinions On Confusion From Google Search Results.

Although Plaintiff produced a rebuttal expert witness, ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Spatz. Decl., Ex. E (Deposition Transcript of David Franklyn ("Franklyn Dep.")) 56:15-57:1, 57:22-58:10. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Franklyn Dep. 58:2-5. ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Franklyn Dep. 58:6-10.

Dated: May 13, 2024           AMIN WASSERMAN GURNANI, LLP

                              By:   */s/George Spatz*
                                    GEORGE SPATZ
                                    MANON BURNS
                                    Attorneys for Defendant

                                    LIFEFORCE DIGITAL INC.

**CERTIFICATE OF SERVICE**

I hereby certify that on the May 13, 2024, I caused the electronic filing of the foregoing document, through the CM/ECF system. The aforementioned document will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants.

By: */s/ Manon Burns*
Manon Burns

- 7 -
LDI'S MOTION IN LIMINE TO EXCLUDE TESTIMONY REGARDING CONSUMER PERCEPTION