# Exhibit A

| | |
|---|---|
| 1 | VALLEJO | ANTOLIN | AGARWAL | KANTER LLP |
| | MONTY AGARWAL (SBN 191568) |
| 2 | RACHEL CHANIN (SBN 229253) |
| | 3021 Citrus Circle, Suite 220 |
| 3 | Walnut Creek, CA 94598 |
| | Telephone: (925) 951-6970 |
| 4 | Facsimile: (925) 262-4269 |
| | Email: magarwal@vaakllp.com |
| 5 |       rchanin@vaakllp.com |

Attorneys for Plaintiff
THRESHOLD ENTERPRISES, LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THRESHOLD ENTERPRISES LTD., a Delaware corporation, | Case No.: 3:22-cv-06483-HSG |
| Plaintiff, | **THRESHOLD ENTERPRISES LTD.'S INITIAL DISCLOSURES** |
| v. | |
| LIFEFORCE DIGITAL INC., a Delaware corporation, | |
| Defendant. | |

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Threshold Enterprises Ltd. ("Threshold") hereby makes the following initial disclosures. Threshold makes these disclosures based on information currently available. Threshold continues to investigate this case and reserves the right to modify, amend or supplement these disclosures at a later time as appropriate. Additionally, these disclosures are made without in any way waiving: (1) the right to object on the grounds of competency, the attorney work product doctrine, the attorney-client privilege, undue burden, relevancy and materiality, hearsay, or any other proper ground; (2) the right to object to the use of any such information, for any purpose, in whole or in part, in any proceeding in this, or any other, action; and (3) the right to object on any and all grounds at any time, to any other discovery request or proceeding involving or relating to the subject matter of these disclosures.

1. **Witnesses**

The following individuals are likely to have discoverable information that Threshold may use to support its claims:

(a) <u>Barry Sugarman, Consultant to the President</u>
Threshold Enterprises Ltd.
3 Janis Way, Scotts Valley, CA 95066
Tel. (831) 438-6851
<u>Subject Matter</u>: Threshold's goods and services, sales, marketing, advertising, customer markets, trade channels, business activities, and media coverage in connection with LIFE FORCE.

(b) <u>Brian Cayton, Director of Corporate Development</u>
Threshold Enterprises Ltd.
23 Janis Way, Scotts Valley, CA 95066
Tel. (831) 438-6851
<u>Subject Matter</u>: Threshold's goods and services, sales, marketing, advertising, customer markets, trade channels, business activities, and media coverage in connection with LIFE FORCE.

(c)    Ira Goldberg, President

Threshold Enterprises Ltd.

23 Janis Way, Scotts Valley, CA 95066

Tel. (831) 438-6851

Subject Matter:  Threshold's goods and services, sales, marketing, advertising, customer markets, trade channels, business activities, and media coverage in connection with LIFE FORCE.

The witnesses identified above and affiliated with Threshold can be contacted or located through undersigned counsel only.  If, as the case develops, Threshold identifies additional witnesses who may have discoverable information that Threshold may use to support its claims, Threshold will identify them in supplemental disclosures made pursuant to Federal Rule of Civil Procedure 26(e).

2.    **Documents**

The following categories of documents are likely to contain information that Threshold may use to support its claims.

(a)    documents showing Threshold's trademark use of LIFE FORCE for dietary and nutritional supplements;

(b)    documents relating to Threshold's trademark registration for LIFE FORCE for dietary and nutritional supplements;

(c)    documents relating to Threshold's policing, protection and enforcement of its LIFE FORCE trademark in the United States;

(d)    publicly available documents from Threshold's website at www.sourcenaturals.com;

(e)    documents from Lifeforce Digital Inc. ("Defendant") regarding Defendant's use of the LIFE FORCE mark; and

(f)    documents from Defendant regarding Defendant's sales of LIFE FORCE marked goods.

Except as otherwise indicated, the documents expected to be used in support of Threshold's claims in this proceeding are stored in physical or electronic form at its principal place of business

at 23 Janis Way, Scotts Valley, CA 95066, or at the offices of Threshold's outside counsel in this proceeding, Vallejo Antolin Agarwal Kanter LLP, 3021 Citrus Circle, Suite 220, Walnut Creek, CA 94598.

**3.   Damages**

In addition to injunctive relief, Threshold will seek monetary damages. Threshold's ability to compute its damages is dependent on information within the exclusive possession of Defendant. Threshold intends to rely on, among other information, Defendant's sales data, revenue data, and profit data. Threshold also reserves the right to seek a reasonable royalty for Defendant's use of the LIFE FORCE mark and disgorgement of Defendant's profits for the infringing products. *See* 15 U.S.C. § 1117(a). Threshold is entitled to recovery of the costs of the action and potentially recovery of attorney fees. *See id.*

**4.   Insurance**

There is no applicable insurance.

Dated: January 17, 2023

VALLEJO | ANTOLIN | AGARWAL | KANTER LLP

By: /s/ Rachel Chanin
MONTY AGARWAL
RACHEL CHANIN
Attorneys for Plaintiff

THRESHOLD ENTERPRISES LTD.

# PROOF OF SERVICE

I am over the age of 18 and not a party to this action. I am a resident of or employed in the county where the mailing occurred; my business address is: Vallejo Antolin Agarwal Kanter LLP, 3021 Citrus Circle, Suite 220, Walnut Creek, CA 94402.

On January 17, 2023, I served, on the parties designated below the foregoing document(s):

**THRESHOLD ENTERPRISES LTD.'S INITIAL DISCLOSURES**

| |
|---|
| MATTHEW R. ORR<br>GEORGE SPATZ<br>MANON BURNS<br>515 S. Flower St., 18th Floor<br>Los Angeles, CA 90071<br>Tel: (213) 933-2330<br>Fax: (312) 884-7352<br>matt@amintalati.com<br>gspatz@amintalati.com<br>manon@amintalati.com<br><br>Attorneys for Defendant<br>LIFEFORCE DIGITAL INC. |

[ ] **(By U.S. Mail)** I deposited such envelope in the mail at San Francisco, California with postage thereon fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[X] **(By Email)** by sending a copy thereof via email transmission to each of the persons or entities at each of the email addresses designated above. I thereafter did not receive, within a reasonable time after the email transmission, any electronic message or other indication that the email transmission was unsuccessful.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on January 17, 2023 in San Mateo, California.

_____
Rachel Chanin